ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Thomas W. Kovacich, SBN 94046
Robert Fried, SBN 85579
Christopher S. Milligan, SBN 211532
17871 Park Plaza Drive, Suite 200
Cerritos, California 90703-8597
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for S. J. WEAVER
CONTRACTING, INC. and STEVEN J.
WEAVER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO as CHAIRMAN and LARRY TOTTEN as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>S. J. WEAVER CONTRACTING, INC., a California corporation; and STEVEN J. WEAVER, an Individual,<br><br>Defendant. | **CASE NO. C-04-4699 SI**<br>Assigned to Hon. Susan Illston for all purposes.<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS BY COMERICA BANK TO DEFENDANT STEVEN J. WEAVER**<br><br>Complaint Filed: 11/04/04<br>Voluntary Petition Filed: 05/10/05 |

IT IS HEREBY STIPULATED by and between defendant Steven J. Weaver ("Defendant"), through his attorneys of record, Atkinson, Andelson, Loya, Ruud & Romo, LLP, by Thomas W. Kovacich, and third-party deponent Comerica Bank, through its attorney, Elizabeth M. Khachigian, as follows:

-1-

1. Plaintiffs filed a Complaint on November 5, 2004 for breach of an alleged collective bargaining agreement between S.J. Weaver Contracting, Inc. ("SJW") and the Northern District Council of Laborers (the "Union"). The Complaint also sought damages against Steven J. Weaver ("Weaver"), alleging that Weaver and SJW constituted a "single employer," and was therefore also bound to the terms and conditions of the collective bargaining agreement.

2. On May 10, 2005, SJW filed a voluntary petition seeking federal bankruptcy protection.

3. On May 13, 2005, SJW gave notice to the Court and Plaintiffs of the bankruptcy petition.

4. On June 3, 2005, the Court granted Weaver's Motion to Set Aside Default Judgment.

5. Plaintiffs still seek to enforce the terms and conditions of the collective bargaining agreement against Weaver.

6. On June 17, 2005, Weaver filed his Answer to the Complaint denying Plaintiffs various allegations and raising additional affirmative defenses.

7. On July 27, 2005, the Court held a Case Management Conference, wherein the Court directed Plaintiffs to conduct the deposition of Steven Weaver in October 2005, in order to determine if there was any basis for continuing to include him in the lawsuit as an individual defendant. The Court directed that Weaver should file a summary judgment motion following the deposition, on or before November 4, 2005, with a hearing date of December 9, 2005, should Plaintiffs be unwilling to dismiss him as an individual defendant following his deposition.

8. On August 5, 2005, Plaintiffs served extensive written documents requests on Weaver, and Weaver's deposition took place on October 7, 2005.

9. On August 5, 2005, Plaintiffs served a document subpoena on SJW's bankruptcy trustee, Rosendo Gonzalez, Esq.

10. On August 23, 2005, Plaintiffs served a document subpoena on Comerica Bank's custodian of records seeking a variety of categories of documents related to SJW and Weaver's financial records.

11. On September 13, 2005, Plaintiffs served a document subpoena on Comerica Bank's legal counsel in SJW's bankruptcy counsel, Shepherd, Mullin, Richter & Hampton, LLP, seeking the very same categories of documents sought from Comerica Bank.

12. Weaver contends that the records requested by Plaintiffs from Comerica Bank contain SJW's and Weaver's private, confidential, proprietary and trade secret information. Weaver also contends that the records sought by Plaintiffs from Comerica Bank are vastly overbroad. Comerica Bank also made its own separate written objections. However, on October 20, 2005, Comerica Bank produced documents responsive to Plaintiffs' document subpoena, subject to Plaintiffs' signed stipulation that they would not to disclose or use those documents outside of this litigation.

13. Although unwilling to enter into the same stipulation or agree to the document production without knowing what the documents consisted of and without first having examined the documents, Weaver now desires to obtain copies of the documents produced by Comerica Bank to Plaintiffs on October 20, 2005. As a result, Weaver is willing to enter into the instant stipulation.

14. Weaver has therefore agreed that the documents produced by Comerica Bank to Weaver shall be produced for the purposes of defending against Plaintiffs' claims in the instant lawsuit. Weaver agrees that he will not utilize the information for any other purposes or outside of this litigation, but that this will not affect any potential rights or remedies Weaver may have against Comerica Bank. Weaver further agrees that he will not cause any information from these documents to be distributed to any parties other then Weaver's counsel and the Court during the course of this lawsuit. Notwithstanding this agreement, the parties agree that

this shall not operate to waive any rights or claims either party may have against the other.

15. Within thirty (30) days after the conclusion of this lawsuit, counsel for Weaver shall promptly return to Comerica Bank all documents and copies produced by Comerica Bank pursuant to this stipulation.

DATED: November 4, 2005        ATKINSON, ANDELSON, LOYA, RUUD & ROMO, LLP

By: _____
Christopher S. Milligan, Esq.
Attorneys for Defendant STEVEN J. WEAVER

DATED: November ____, 2005

By: _____
Elizabeth M. Khachigian
Attorneys for COMERICA BANK

**[PROPOSED] ORDER**

IT IS SO ORDERED.

DATED: _____

_____
                                           DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Susan Illston*

-4-
010192.00010/560492v1    STIPULATION AND [PROPOSED] PROTECTIVE ORDER        C-04-4699 SI