ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Thomas W. Kovacich, SBN 94046
Robert Fried, SBN 85579
Christopher S. Milligan, SBN 211532
17871 Park Plaza Drive, Suite 200
Cerritos, California 90703-8597
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for SJW and STEVEN J. WEAVER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO as CHAIRMAN and LARRY TOTTEN as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>SJW, a California corporation; and STEVEN J. WEAVER, an Individual,<br><br>Defendant. | **CASE NO. C-04-4699 SI**<br>Assigned to Hon. Susan Illston for all purposes.<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed: 11/04/04<br>Voluntary Petition Filed: 05/10/05 |

IT IS HEREBY STIPULATED by and between JOSE MORENO as CHAIRMAN and LARRY TOTTEN as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND

-1-

RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA ("Plaintiffs or the "Trust Funds"), through their attorneys of record, Stanton, Kay & Watson, LLP, by James P. Watson, and STEVEN J. WEAVER ("Weaver"), through his attorneys of record, Atkinson, Andelson, Loya, Ruud & Romo, by Thomas W. Kovacich, as follows:

1. Plaintiffs filed a Complaint on November 5, 2004 for breach of an alleged collective bargaining agreement between S.J. Weaver Contracting, Inc. ("SJW") and the Northern District Council of Laborers (the "Union"). The Complaint also sought damages against Weaver, alleging that he and SJW constituted a "single employer" and was therefore also bound to the terms and conditions of the collective bargaining agreement.

2. On May 10, 2005, SJW filed a voluntary petition seeking federal bankruptcy protection.

3. On May 13, 2005, SJW gave notice to the Court and Plaintiffs of the bankruptcy petition.

4. On June 3, 2005, the Court granted Weaver's Motion to Set Aside Default Judgment.

5. Plaintiffs still seek to enforce the terms and conditions of the collective bargaining agreement against Weaver.

6. On June 17, 2005, Weaver filed his Answer to the Complaint denying Plaintiffs various allegations and raising additional affirmative defenses.

7. On July 27, 2005, the Court held a Case Management Conference, wherein the Court directed Plaintiffs to conduct the deposition of Steven Weaver in October 2005, in order to determine if there was any basis for continuing to include him in the lawsuit as an individual defendant. The Court directed that Weaver should file a summary judgment motion following the deposition, on or before November 4, 2005, with a hearing date of December 9, 2005, should Plaintiffs be unwilling to dismiss him as an individual defendant following his deposition.

8. On August 5, 2005, Plaintiffs served extensive written documents requests on Weaver.

9. On August 5, 2005, Plaintiffs served a document subpoena on SJW's bankruptcy trustee, Rosendo Gonzalez, Esq.

10. On August 23, 2005, Plaintiffs served a document subpoena on Comerica Bank's custodian of documents seeking a variety of categories of documents related to SJW and Weaver's financial documents.

11. On September 13, 2005, Plaintiffs served a document subpoena on Comerica Bank's legal counsel in SJW's bankruptcy counsel, Shepherd, Mullin, Richter & Hampton, LLP, seeking the very same categories of documents sought from Comerica Bank.

12. On September 26, 2005, Weaver produced approximately 25 boxes of documents for inspection by Plaintiffs in response to Plaintiffs' document requests. These documents covered the time period between January 1, 2004 and May 10, 2005. Plaintiffs requested that approximately 1,337 of these documents be copied and provided to Plaintiffs.

13. On October 3, 2005, Weaver filed a motion for protective order with the Court, requesting that, due to the burdensome and oppressive nature of Plaintiffs' discovery requests, that Weaver's production of documents be limited to the period between January 1, 2004 and May 10, 2005.

14. On October 7, 2005, Plaintiffs took Weaver's deposition. Weaver contends that the deposition was completed while Plaintiffs contend that the deposition was completed only in part.

15. On October 26, 2005, the Court granted Weaver's motion in part, limiting Weaver's production of responsive documentation to January 1, 2002 to May 10, 2005. Additionally, the Court directed the parties to enter into a stipulation and proposed protective order to guard the privacy interests of SJW's third-party employees.

16. Mr. Weaver contends that the documents requested by the Trust Funds contain SJW's and Mr. Weaver's private, confidential, proprietary and trade secret information. Mr. Weaver also contends that the documents are vastly overbroad and objects that he be required to produce voluminous documents of the now-defunct corporation, SJW, at his own considerable time and expense. Finally, Mr. Weaver contends that the documents contain private and confidential information regarding third-parties, including third party former employees of SJW. However, Mr. Weaver is willing to make certain responsive documents available for Plaintiffs to review and copy in accordance with the terms of this Stipulation.

17. Plaintiffs have therefore agreed that the documents produced by Mr. Weaver and/or third-parties, including those that refer to, relate to, or pertain to personnel and/or payroll information and documents of third party former employees of SJW, shall be produced and used expressly for the purposes of determining whether Plaintiffs have a viable claim against Mr. Weaver in the instant lawsuit. Plaintiffs also agree that they will not cause any information from these documents to be distributed to any parties other then Plaintiffs' counsel and this court.

18. Within thirty (30) days after the conclusion of this lawsuit, counsel for the Trust Funds shall promptly return to Mr. Weaver all documents and copies produced pursuant to this stipulation.

///

///

///

1    19.    This stipulation may be executed in counterparts, each which shall be deemed original and all which together shall constitute one document.

DATED: November 4, 2005    STANTON, KAY & WATSON, LLP

By:   /s/
    James P. Watson, Esq.
    Attorneys for Plaintiffs

DATED: November 4, 2005    ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:   /s/
    Thomas W. Kovacich, Esq.
    Christopher S. Milligan
    Attorneys for S. J. WEAVER CONTRACTING, INC. and STEVEN J. WEAVER

### [PROPOSED] ORDER

IT IS SO ORDERED.

DATED: _____



_____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE