1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    JOSE MORENO, et al.,                          Nos. C 04-4699 SI; C 04-4723 SI

9                Plaintiffs,                        **ORDER GRANTING IN PART
                                                    DEFENDANT'S MOTION FOR**
10      v.                                          **ATTORNEYS' FEES AND COSTS;
                                                    DENYING DEFENDANT'S REQUEST**
11   S. J. WEAVER CONTRACTING, INC., et al.,        **FOR RULE 11 SANCTIONS**

12                Defendants.

13   _____/

14   EDWARD T. BERGO, et al.,

15                Plaintiffs,

16      v.

17   S.J. WEAVER CONTRACTING, INC., et al.,

18                Defendants.
     _____/

19

20          Defendant Steven Weaver has filed a motion for attorneys' fees and costs in these related cases.

21   Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for determination

22   without oral argument, and accordingly VACATES the October 6, 2006 hearing.  For the reasons set

23   forth below, the Court hereby GRANTS in part and DENIES in part defendant's motion for fees and

24   costs, and DENIES defendant's request for Rule 11 sanctions.

25

26                                    **DISCUSSION**

27          The background of these related cases is set forth in the Court's August 9, 2006 order granting

28   summary judgment in favor of defendant Steven Weaver.  Weaver now seeks his reasonable attorneys'

**United States District Court**
For the Northern District of California

fees and costs incurred in defending himself in this action.  Weaver contends that he is entitled to these fees and costs because he maintained from the inception of this litigation that he was not a proper defendant in this ERISA case.  As detailed in the Court's summary judgment order, the Court agreed that there was no factual basis to proceed against Weaver in his individual capacity.

The Court has discretion to award fees and costs against an ERISA claimant.  *See* 29 U.S.C. § 1132(g); *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 407 (9th Cir. 1997).  In deciding whether to award fees, the Court considers the following factors, among others:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).  Contrary to plaintiffs' assertions, courts do not favor one side or the other in ERISA fee cases.  *See Estate of Shockley*, 130 F.3d at 408.

Here, the Court finds that these factors, particularly the last factor regarding relative merits of the parties' positions, warrants a fee award.  Throughout this litigation Weaver contended that plaintiffs did not have any legal or factual basis to hold him individually liable.  After defendant S.J. Weaver Contracting, Inc. ("SJW") filed for bankruptcy, Steven Weaver was the only defendant remaining to defend both cases.  The Court permitted limited discovery on the question of Weaver's individual liability.  Weaver then filed a motion for summary judgment, contending that plaintiffs could not hold Weaver liable under any theory.

As detailed in the Court's August 9, 2006 summary judgment order, notwithstanding the Court's direction to plaintiffs that they could only hold Weaver individually liable by piercing the corporate veil, plaintiffs continued to argue inapposite labor law single employer and alter ego theories.  Indeed, the Court expressly allowed plaintiffs the opportunity to submit supplemental briefs on the veil piercing issues; plaintiffs' supplemental briefs continued to rely on single employer and alter ego theories, and did not squarely address the factors necessary to pierce the corporate veil.  The record demonstrates that despite being provided with ample notice throughout this litigation that they did not have a basis to proceed against Weaver in his individual capacity, plaintiffs nonetheless chose to pursue these cases,

forcing Weaver to incur substantial legal fees and costs.

Plaintiffs assert, without any evidentiary support, that "none of the trust funds is flush with assets. . . . [and] [t]he trust funds cannot easily afford the penalty of paying defendant employers' legal fees." Opposition at 9. As an initial matter, the Court affords this assertion little weight in light of plaintiffs' failure to submit any evidence regarding the Trust Funds' actual ability to pay a fee award. More importantly, *Hummell* states that the Court should consider, as one of many factors, "the ability of the opposing part[y] to satisfy an award of fees," not whether a party "can easily afford" to pay fees. Here, as defendant notes, there are ten named plaintiff trust funds in these cases, and the publicly available documents submitted by defendant suggests that the funds have the ability to pay a fee award.[1] In contrast, defendant Weaver has submitted declarations stating that he depleted much of his personal assets in attempting to keep SJW afloat and defending this lawsuit. *See* Weaver Summary Judgment Reply Decl. ¶¶ 27-28.

The Court finds the other *Hummell* factors are either neutral or weigh in favor of a fee award. Although plaintiffs sought to hold Weaver liable in order to recover monies for the funds, for the reasons discussed *supra* and in the Court's summary judgment order, they did not resolve a "significant legal question regarding ERISA," and to the contrary pursued a misguided theory of liability. Although the Court does not find that plaintiffs engaged in bad faith, the Court is somewhat troubled by plaintiffs' dogged pursuit of Weaver in his individual capacity in light of the factual record in these cases. Finally, the Court concludes that the fee award will deter parties from pursuing claims for which they do not have evidentiary support, but the fee award will not be so significant as to impose a chilling effect on ERISA plaintiffs fulfilling their fiduciary duties. *See Estate of Shockley*, 130 F.3d at 408 (affirming ERISA fee award to defendant and noting that district court appropriately considered "overdeterrence" in setting fee award at percentage of total sought).

The Court concludes that Weaver should recover his reasonable fees and costs for work performed on Weaver's behalf after June 24, 2005, the date when the bankruptcy trustee effectively closed SJW's bankruptcy. The billing records submitted by defendant show that, prior to the filing of

---

[1] The Court GRANTS defendant's request for judicial notice, to which plaintiffs filed no objection. (Docket No. 101 in 04-4699; Docket No. 104 in 04-4723 SI).

bankruptcy, defendant's counsel performed work on behalf of both Weaver and SJW; some of the time entries are clearly exclusively attributable to SJW (for example, entries related to the filing of the bankruptcy), while others relate to both Weaver and SJW (for example, entries related to the cross-motions on the default judgment).  The Court exercises its discretion and will not award fees and costs incurred prior to the filing of the bankruptcy.  However, after it was clear that SJW would not be an active defendant in these cases, plaintiffs continued to proceed against Weaver individually despite various indications that Weaver could not be held personally liable.  Accordingly, the Court finds it appropriate for Weaver to recover reasonable fees and costs incurred after June 24, 2005, and GRANTS in part and DENIES in part defendant's motion for attorneys' fees and costs.

Finally, defendant requests that the Court impose Rule 11 sanctions against plaintiffs and their counsel.  The Court concludes that Rule 11 sanctions are not warranted, and further that such sanctions are unnecessary in light of the fee award.  Accordingly, the Court DENIES this aspect of defendant's motion.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby GRANTS in part and DENIES in part defendant Weaver's motions for attorneys' fees and costs.  (Docket No. 100 in 04-4699 SI and Docket No. 103 in 04-4723 SI).  By **October 13, 2006**, defendant shall submit a revised declaration of counsel explaining the reasonableness of the fees and costs sought for the time period after June 24, 2005, along with corresponding billing records.  Counsel shall only include billing records for time spent defending Weaver in these actions; to the extent counsel spent time after June 24, 2005, date related to SJW or the bankruptcy, those entries shall be excluded (for example, a June 6, 2005 entry "Review Request by trust funds for notice re bankruptcy . . . .").

**IT IS SO ORDERED.**

Dated: October 2, 2006

_____
SUSAN ILLSTON
United States District Judge

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28